

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2003

# McCoy v. Bd Trustees 222

Precedential or Non-Precedential: Non-Precedential

Docket 02-1854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McCoy v. Bd Trustees 222" (2003). *2003 Decisions.* Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 02-1854 and 02-1987

_____

WILLIE J. MCCOY,

> Appellant in No. 02-1854/ Cross Appellee
> in No. 02-1987

v.

BOARD OF TRUSTEES OF THE LABORERS' INTERNATIONAL UNION, LOCAL NO. 222 PENSION PLAN; LABORERS' INTERNATIONAL UNION, LOCAL NO. 222 PENSION PLAN; LABORERS' INTERNATIONAL UNION LOCAL NO. 222; EDWARD HARRIS; OLIVER G. GLASS; X, Y, Z CORPORATIONS (1-10), INDIVIDUALS; A, B, C (1-10), (ALL FICTITIOUS NAMES WHO ARE PLAN SPONSORS and/OR ADMINISTRATORS OR OTHER FIDUCIARIES, WHO SHOULD BE IDENTIFIED THROUGH DISCOVERY); NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND,

> Appellees in No. 02-1854/ Cross
> Appellants in No. 02-1987

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 00-cv-01481)
District Judge: The Honorable Stephen M. Orlofsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 17, 2003
Before: ROTH, FUENTES and ALDISERT, <u>Circuit</u> <u>Judges</u>
(Opinion Filed: March 25, 2003)

FUENTES, <u>Circuit</u> <u>Judge</u>:

Plaintiff Willie J. McCoy appeals the District Court's order granting in part and denying in part the parties' cross-motions for summary judgment and the District Court's order denying his motion for reconsideration. Defendants, the Board of Trustees of the Laborers' International Union, Local No. 222 Pension Plan (the "Plan") and various persons and entities associated with the Plan, cross appeal the same orders, both of which concern McCoy's entitlement to disability retirement benefits under the Plan. Because we discern no error in the District Court's resolution of the parties' cross-motions for summary judgment, we affirm.

## I. <u>Facts and Procedural Background</u>

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. On March 29, 2000, appellant Willie J. McCoy, a participant and beneficiary of the Plan,[1] initiated the action which is the subject of these cross-appeals by filing a <u>pro</u> <u>se</u> Complaint against the Plan's Board of Trustees in District Court. In his Complaint, McCoy alleged that the defendant

---

[1]The Plan and its successor by merger, defendant New Jersey Building Laborers Statewide Pension Fund (which was named in plaintiff's Fourth Amended Complaint, filed after the parties filed their cross-motions for summary judgment), are employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(1).

unlawfully refused to provide disability retirement benefits due to him under the Plan after he suffered a back injury on January 5, 1995 which left him disabled and unable to engage in gainful employment. McCoy subsequently retained counsel and, with the permission of the Court, filed amended complaints in which he named additional defendants and asserted numerous other theories of recovery.

Specifically, in his Fourth Amended Complaint, McCoy alleged that he had been employed for at least twenty years as a laborer in the construction industry, working under a collective bargaining between defendant Laborers' International Union, Local No. 222 and various employers, which required his employers to make health and welfare contributions to the Plan on his behalf. McCoy alleged that, on January 5, 1995, he was injured during the course of his employment as a construction laborer with Enviro Tech, Inc. of Woodbury, N.J. and that, since that time, he has been totally and permanently disabled, and unable to engage in any gainful employment. He further alleged that, shortly after the accident, he contacted Ms. Freddie McMillan, the Plan's Administrator to request information on how to apply for disability retirement benefits under the Plan and was advised that he had to be out of work for at least six months in order to be eligible to apply for disability benefits under the Plan.

Plaintiff alleged that, based on Ms. McMillan's advice, he waited six months, then returned with the information Ms. McMillan told him he would need to present in order to complete his application for disability retirement benefits. Defendants Edward Harris and Oliver Glass, who were then members of the Plan's Board of Trustees, allegedly refused to accept McCoy's application and advised him that he could not apply for disability retirement

benefits under the Plan until his application for social security benefits had been approved and that the Plan would provide him with benefits for the same period as had been approved by Social Security.

On November 27, 1998, the Office of Hearings and Appeals of the Social Security Administration determined that plaintiff suffered from a disability within the meaning of the Social Security Act, as a result of his job-related injury, and that the period of his disability began on January 9, 1995. On December 28, 1998, Social Security awarded plaintiff monthly disability benefits beginning in July of 1995. The Notice of Award explained that the first month of benefits was July 1995 because plaintiff had to be disabled for 5 full consecutive calendar months before becoming entitled to benefits.

On December 18, 1998, McCoy submitted an application for disability benefits to the Plan, together with information and materials necessary to process his application. McCoy's application was approved and he began receiving benefits as of January 1, 1999. However, defendants refused to provide him with any benefits for the period prior to January 1, 1999 and allegedly failed to pay any benefits to his wife, despite repeated demands to do so.

The record on appeal shows that McCoy appealed the Board of Trustee's refusal to provide him with retroactive disability benefits. According to the minutes of the meeting of the Trustees, the appeal was considered during meetings held on May 12, 1999, November 18, 1999, and February 2, 2000, and was repeatedly and unanimously denied.

Based on the foregoing, plaintiff's Fourth Amended Complaint sought, inter alia: (1) unpaid benefits due under the terms of the Plan, declaratory relief clarifying plaintiff's right

to future benefits under the Plan, together with attorneys' fees, costs, and interest; (2) compensatory and punitive damages for material misrepresentations, allegedly constituting a breach of the fiduciary duties of Plan trustees Glass and Harris, concerning the process for applying for benefits; (3) an order holding the Plan Administrator personally liable in an amount up to $100.00 a day for failing to provide him with a notice explaining the basis for the Board of Trustees' decision to deny his appeal and his options should he wish to appeal further; and (4) an injunction compelling defendants to provide all Plan participants and beneficiaries with a revised Summary Plan Description reflecting its amendment.

With respect to the benefits due under the Plan, plaintiff alleged that defendants wrongfully refused to provide him with retroactive disability retirement benefits dating back to the first day on which he was eligible to receive a disability benefit under the Social Security Act. Plaintiff also alleged that his retirement benefits should have been calculated at a monthly rate of $107.00 or $120.00, based on amendments to the Plan effective January 1, 1998 and January 1, 1999, respectively, rather than the $80.00 monthly rate used by the defendants, which was based on an amendment to the Plan effective January 1, 1997.

The parties filed cross-motions for summary judgment on December 14, 2001. The District Court granted in part and denied in part each of the cross-motions. The Court rejected defendants' assertion that McCoy had failed to exhaust his administrative remedies under the Plan on the basis that defendants waived their right to contest plaintiff's failure to exhaust and that defendants' delay in asserting this affirmative defense prejudiced plaintiff. The Court granted summary judgment in plaintiff's favor on the issue of his entitlement to disability

retirement benefits dating back to when he became eligible to receive a disability benefit under the Social Security Act, i.e., July 1995.

Regarding the amount of retroactive benefits owed, however, the District Court held that plaintiff's benefits should be calculated according to the terms of the Plan applicable to participants who became eligible for benefits on or after January 1, 1994 but before December 31, 1995. Accordingly, the District Court awarded plaintiff $60 per year of credit earned prior to January 1, 1986 and $75 per year of credit earned on or after January 1, 1996. See McCoy v. Board of Trustees of the Laborers' International Union, Local No. 222 Pension Plan, et al., No. 00-1481 (D. N.J. Feb. 26, 2002) ("Dist. Ct. Op."), app. at 26 (citing Amendment No. 3 to Plan). Notably, this amount was less than the $80 a month which the defendants had initially awarded plaintiff based on their reading of the Plan. Additionally, the Court rejected plaintiff's assertion that the amount of benefits he was owed from the effective date of his pension going forward should have been set at $120 per month per year of credit. However, because neither party had asked the Court to reduce McCoy's future benefits from the $80 per month per credit year computed by the Plan Administrator, the Court did not reduce that figure. See id. at 28 n.8.

The District Court also granted defendants' motion for summary judgment in part by dismissing plaintiff's claims of breach of fiduciary duty against Glass and Harris, the individual trustees named in the Complaint. The Court reasoned that any recovery for breach of fiduciary duty would be duplicative of the benefits which the Court was awarding plaintiff for retroactive benefits. Finally, the District Court granted plaintiff the injunction he sought, ordering

-6-

defendants to furnish him with a copy of an official Summary Plan Description of the Plan succeeding the Plan in effect during his employment within 10 days of the next regularly scheduled meeting of the trustees of that Plan.

On March 7, 2002, plaintiff filed a motion for reconsideration. The Court denied the motion. McCoy timely appealed the District Court's orders on the parties' cross-motions for summary judgment and on his motion for reconsideration. Defendants timely cross- appealed.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

The standard of review applicable to an order granting summary judgment is plenary. See Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test employed by a District Court under Federal Rule of Civil Procedure 56(c). See Kelley v. TYK Refractories Co., 860 F.2d 1188, 1192 (3d Cir. 1988). Accordingly, the District Court's grant of summary judgment was proper only if it appears that "there is no genuine issue as to any material fact and that [each of] the moving part[ies] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating the evidence, we are required "to view [the] inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999) (citation omitted).

"[T]he standard of review for a denial of a motion for reconsideration varies with the nature of the underlying judicial decision." Federal Kemper Ins. Co. v. Rauscher, 807 F.2d

-7-

345, 348 (3d Cir. 1986). Because this court is addressing the District Court's rulings on motions for summary judgment, this Court has plenary review. See id. at 349.

### III. Discussion

McCoy argues on appeal that the District Court erred in calculating the amount of additional benefits which he is entitled to receive under the Plan. He asserts that he is entitled to monthly disability retirement benefits at the rate of $120 per year based on an amendment to the Plan increasing the pension rate for disability retirees eligible for benefits on or after January 1, 1999 to $120 per year of credited service. Alternatively, McCoy argues that he is entitled to at least the $80 monthly benefit originally provided to him based on an amendment to the Plan effective January 1, 1998, which increased the monthly benefit for participants eligible on or after January 1, 1997 through December 30, 1998 to $80 multiplied by total years of credit. Essentially, McCoy argues that the District Court erred by determining that he was entitled to benefits at the lower rate in effect when he first became disabled because the amount of benefits to which he is entitled depends on when he became eligible to receive benefits and he did not become eligible until January 1, 1999, the effective date of his pension, or, at the earliest, in 1998, when he was awarded disability benefits under the Social Security Act.[2]

_____

[2]McCoy also asserts that the District Court erred by dismissing the counts of his Complaint seeking damages for defendants' material misrepresentations of the Plan's provisions because genuine issues of material fact existed due to defendants denial that they made the alleged misrepresentations. He concedes that the claims are moot based on the case's current procedural posture, but seeks the opportunity to try these claims should the Court grant defendants' cross-appeal.

Defendants argue in their cross-appeal that they properly applied the terms of the Plan which were in effect when plaintiff was injured, at a benefit rate in effect when the employer contributions to fund plaintiff's benefits ceased. They assert that plaintiff's benefit *level* was properly set at the rate in effect in 1997, when he left covered employment and ceased being an active Plan participant. Additionally, defendants assert that their decision to fix the *date* Plaintiff would begin to receive benefits at January 1, 1999 was consistent with the version of the Plan in effect when plaintiff was injured. Defendants assert that the District Court erred in concluding that the benefits which they awarded plaintiff were inconsistent with the Plan.

We affirm substantially for the reasons set forth in the District Court's thorough and well reasoned opinion. The District Court expressly recognized that it could not disturb the Plan Administrator's interpretation of the Plan unless it was arbitrary and capricious. See Dist. Ct. Op., app. at 22 (citing Skretvedt v. E.I. DuPont de Nemours & Co., 268 F.3d 167, 173 (3d Cir. 2001)). The Court correctly noted, however, that it need not defer to an interpretation of the Plan which contravenes its plain language. See id. (citing Epright v. Entl. Res. Mgmt., Inc. Health and Welfare Plan, 81 F.3d 335, 342 (3d Cir. 1996)).

With respect to plaintiff's eligibility for retroactive disability retirement benefits, the Court looked to the plain language of Amendment No. 4 to the Plan, effective January 1, 1988, amending Section 4.3 of the Plan. The Amendment provided, in relevant part, that an applicant for disability retirement benefits who proved that he had been awarded a disability benefit under the provisions of the Social Security Act "shall be eligible to receive a Disability Retirement Benefit which shall begin as of the first day that he is eligible to receive a disability

benefit under the Social Security Act." Dist. Ct. Op., app. 23 (citing Amendment No. 4 to Plan, app. at 142). The Court concluded that this provision of the Plan was controlling because it went into effect on January 1, 1998, some eleven months before plaintiff's December 18, 1998 application for benefits under the Plan.

In reaching its conclusion the Court rejected defendants' assertion that they were obliged to treat plaintiff's application as though the 1995 version of the Plan was still in effect lest he benefit from contributions made to the pension fund on behalf of all actively working members of his union even though minimal contributions had been made to the Plan in the years prior to his application based on his own work. The Court also rejected defendants' assertion that Section 4.3 of the Plan, which was amended by Amendment No. 4, was inapplicable to plaintiff because his application was more appropriately considered as one under section 4.4 of the Plan for a deferred vested retirement benefit. The Court noted that Section 4.4, by its express terms, applied only to participants who, unlike plaintiff, were not otherwise entitled to receive a retirement benefit.

With respect to the amount of retroactive benefits due plaintiff, the Court reasoned that, because plaintiff became eligible for disability retirement benefits under the Plan dating back to when he became eligible to receive a disability benefit under the Social Security Act (July 1995), his retroactive benefits should be calculated according to the terms of the Plan applicable to Plan participants who became "eligible on or after January 1, 1994 through December 31, 1995." Dist Ct. Op., app. at 26 (citing Amendment No. 3 to Plan, app. at 140). The Court therefore awarded plaintiff $60 per year of credit earned prior to January 1, 1986

and $75 per year of credit earned on or after January 1, 1986.  <u>See</u> <u>id.</u>

After carefully considering the competing readings of the Plan advanced by the parties and all of the arguments they present in support of reversing the District Court's orders, we discern no error in the District Court's resolution of the cross-motions for summary judgment.

IV.  <u>Conclusion</u>

For substantially the reasons set forth in the District Court's well-reasoned opinion, we deny the cross-appeals from the District Court's order granting in part and denying in part the parties' cross-motions for summary judgment and the order denying plaintiff's motion for reconsideration. We therefore affirm the District Court's orders.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/ Judge Julio M. Fuentes

Circuit Judge